# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY MELTIER WILLIAMS,<br><br>　　Petitioner,<br><br>　　v.<br><br>BRANDY TRITT,<br><br>　　Respondent. | CIVIL ACTION NO. 1:15-cv-00367<br><br>(KANE, J.)<br>(SAPORITO, M.J.) |

## REPORT AND RECOMMENDATION

This proceeding was initiated by a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner, Larry Meltier Williams, on January 14, 2015. (Doc. 1). The petition was originally filed in the United States District Court for the Eastern District of Pennsylvania on January 20, 2015. (*Id.*). It was subsequently transferred to this Court on February 13, 2015. (Doc. 2). At the time of filing, Williams was incarcerated at SCI Frackville, which is located in Schuylkill County, Pennsylvania.

I. **STATEMENT OF THE CASE**

On March 14, 2003, following a jury trial, Williams was convicted in the Court of Common Pleas of Schuylkill County for aggravated assault on a correctional officer. *See Commonwealth v. Williams*, Docket No. CP-54-

CR-0000931-2002, slip op. at 1 (Schuylkill Cty. C.C.P. May 27, 2004) (Doc. 11-1, at 2).[1] On May 8, 2003, Williams was sentenced to serve a term of 30 to 120 months in prison, consecutive to a previously imposed sentence for another offense. *See id.*, sentencing order (Schuylkill Cty. C.C.P. May 8, 2003) (Doc. 11-1, at 1); *see also id.*, slip op. at 1 (Schuylkill Cty. C.C.P. May 27, 2004) (Doc. 11-1, at 2). On May 24, 2004, Williams filed a *pro se* request construed by the state trial court as a motion for a new trial, which was denied on May 27, 2004. *See id.*, slip op. (Schuylkill Cty. C.C.P. May 27, 2004) (Doc. 11-1, at 2–7). Williams did not file a direct appeal.

Williams filed a *pro se* PCRA petition in the state trial court on December 1, 2010, which was dismissed as untimely filed by the PCRA court on January 5, 2011. *See id.*, order (Schuylkill Cty. C.C.P. Jan. 5, 2011) (Doc. 11-1, at 17–18); *id.*, petition (Schuylkill Cty. C.C.P. Dec. 1, 2010) (Doc. 11-1, at 8–16). Williams did not appeal the dismissal of this PCRA petition to the Superior Court of Pennsylvania.

Williams filed a second *pro se* PCRA petition in the state trial court

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state and federal court records. *Montanez v. Walsh*, Civil Action No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

on June 25, 2014, which was dismissed as untimely filed by the PCRA court on July 25, 2014. *See id.*, order (Schuylkill Cty. C.C.P. July 25, 2014) (Doc. 11-1, at 38–39); *id.*, petition (Schuylkill Cty. C.C.P. June 25, 2014) (Doc. 11-1, at 19–25). Williams appealed the dismissal of this second PCRA petition to the Superior Court of Pennsylvania, which affirmed the PCRA court's dismissal order on March 9, 2015. *See Commonwealth v. Williams*, No. 1341 MDA 2014, 2015 WL 7575092 (Pa. Super. Ct. Mar. 9, 2015) (Doc. 11-1, at 65–67). Williams did not file a petition for allocatur seeking review of his PCRA petition by the Supreme Court of Pennsylvania.

Williams filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 14, 2015.[2] (Doc. 1). On June 9, 2015, the respondent filed her answer to the petition, together with a memorandum of law. (Doc. 11; Doc. 12). On June 19, 2015, Williams filed his reply. (Doc. 14).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996

---

[2] The instant petition was received and docketed by the United States District Court for the Eastern District of Pennsylvania on January 20, 2015, but it appears to have been deposited in the prison mail system on January 14, 2015, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

("AEDPA") established a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, *id.* § 2244(d)(1), and the circumstances under which the limitation period may be tolled, *id.* § 2244(d)(2).

**A. Calculation of the Applicable Limitation Period**

Under the AEDPA, a state prisoner generally must file any federal habeas corpus petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Where a prisoner does not pursue direct review of his conviction all the way to the Supreme Court of the United States, his conviction becomes final when the time for pursuing direct review in that Court, or at any level of state court, expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Here, Williams was sentenced on May 8, 2003. Because Williams did not file a direct appeal to the Superior Court of Pennsylvania, his conviction became final thirty-two days later on Monday, June 9, 2003. *See* Pa. R. Crim. P. 720(A)(3) (permitting 30 days after imposition of sentence to file a notice of appeal

where the defendant has not filed a timely post-sentence motion);[3] 1 Pa. Cons. Stat. § 1908 (providing that, whenever the last day of a time period falls on a Saturday, a Sunday, or a legal holiday, it shall be omitted from the computation); *Commonwealth v. Green*, 862 A.2d 613, 617–18 (Pa. Super. Ct. 2004).

Thus, absent any applicable tolling period, Williams had until June 9, 2004, to timely file his federal petition for a writ of habeas corpus. The instant petition was filed more than a decade later in January 2015.

**B. Statutory Tolling**

A person in state custody may toll the running of the AEDPA's limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). In this case, however, Williams did not file a timely PCRA petition—he did not file his first state PCRA petition until December 2010, more than six years after the AEDPA limitations period had expired. His

---

[3] Although Williams did file a post-sentence motion, his motion was filed on May 25, 2004, more than a *year* after the ten-day post-sentence motion deadline provided by Pa. R. Crim. P. 720(A)(1) expired on May 19, 2003. *See Commonwealth v. Green*, 862 A.2d 613, 617–18 (Pa. Super. Ct. 2004) (post-sentence motion filed on eleventh day after imposition of sentence was untimely, and thus thirty-day period for filing notice of appeal ran from imposition of sentence rather than denial of the motion).

second state PCRA petition was filed in June 2014, a full decade after the limitations period had expired. Thus, the limitation period was not tolled, as "a state court petition . . . that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled." *Danner v. Cameron*, 955 F. Supp. 2d 410, 416 (M.D. Pa. 2013) (brackets in original) (quoting *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001)); *see also Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005); *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999).

Accordingly, the instant federal habeas petition is time-barred unless there are grounds for equitable tolling of the AEDPA statute of limitations.

### C. Equitable Tolling

In addition to a period of statutory tolling, a habeas petitioner may be entitled to equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing that he is

entitled to the benefit of the doctrine of equitable tolling. *Pace*, 544 U.S. at 418.

Williams has failed to allege any facts or circumstances to establish that some extraordinary circumstance stood in the way of his timely filing of the instant petition, or that he has been pursuing his rights diligently. Accordingly, Williams has failed to demonstrate that he is entitled to any period of equitable tolling.

### III.  RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITH PREJUDICE** as untimely filed. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v. Davis*, 137 S. Ct. 759, 773–75 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: April 28, 2017                    ***s/ Joseph F. Saporito, Jr.***
                                         JOSEPH F. SAPORITO, JR.
                                         United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY MELTIER WILLIAMS, | |
| Petitioner, | CIVIL ACTION NO. 1:15-cv-00367 |
| v. | (KANE, J.)<br>(SAPORITO, M.J.) |
| BRANDY TRITT, | |
| Respondent. | |

# **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated April 28, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


Dated: April 28, 2017    **_s/ Joseph F. Saporito, Jr._**
　　　　　　　　　　　　　JOSEPH F. SAPORITO, JR.
　　　　　　　　　　　　　United States Magistrate Judge